UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  20-20640-CIV-MARTINEZ-OTAZO-REYES

MELISSA COMPERE,

    Plaintiff,

v.

NUSRET MIAMI LLC,

    Defendant.

_____/

**STIPULATED CONFIDENTIALITY ORDER**

Plaintiff, MELISSA COMPERE, and Defendant, NUSRET MIAMI LLC (the "Parties"), pursuant to Federal Rule of Civil Procedure 26, hereby stipulate to the following:

WHEREAS, the parties in the above-captioned matter have agreed that these proceedings may involve the discovery and use of confidential, non-public, sensitive, or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials.

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information," including confidential and proprietary human resource or business information, financial records of the parties, compensation of Defendant's current or former personnel, current or former employees' workers' compensation files, compensation policies, organizational structure, training programs, hiring criteria, employee handbooks, and security protocols, "Personal Information" including current and former employee social security information, dates of birth, personal banking information, medical information, and records stating the actual rates of pay of employees; and "Trade Secrets," including trade secrets of NUSRET

1

MIAMI LLC, nonpublic research and development data, budgeting forecasts, confidential business information not generally known to the general public, and customer and/or client-related information, will be disclosed only as provided herein.

WHEREAS, the parties have agreed to stipulate to protect certain confidential and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request, or informal production.

WHEREAS, the parties may be required to produce large volumes of Documents, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502 (d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) governing the disclosure of documents and information therein pertaining to "Confidential information," "Personal Information," and "Trade Secrets" on the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of FRE 502 (d) and (e), on the terms set forth herein.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and FRE 502 (d) and (e).

2. This Confidentiality Order ("Order") governs the handling of "Documents," "information," and "items of information" (as defined below) deemed "Confidential" that are produced in any and all fashion in connection with this action.

3. A Designating Party may designate a document or portion of a non-public document produced for inspection or copying as "CONFIDENTIAL" if the document contains any of the following categories of information, which shall constitute Confidential Information:

    a) social security and taxpayer-identification numbers; financial account numbers; credit card numbers; mother's maiden name; driver's license numbers or state identification numbers; dates of birth; home address and personal telephone numbers; or names of minor children;

    b) medical, health care and mental health records and information; tax forms;

  or immigration status;

c) personal or financial information (including confidential and/or proprietary HR and business information not ordinarily known to the public) concerning the Parties, their current and former employees and/or applicants, or any putative member of the class of persons for whom Plaintiff seeks relief, including wage statements, bank account statements, credit reports, and credit applications, to the extent such information is proprietary or unduly sensitive and is not available to the public or widely disseminated;

d) information pertaining to non-party current and/or former employees or applicants of a Party concerning information reflected outside of employees' personnel files, which could include disciplinary documents, investigations, injuries, medical related absences and reasons for termination, to the extent the individual has a reasonable expectation that the information is not available to the public and such information is unduly sensitive and not available to the public;

e) compensation and benefit information for a Party's officers and managers to the extent such information is proprietary or unduly sensitive and not available to the public;

f) portions of nonpublic agreements with third parties that contain confidentiality clauses;

g) documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendants' current or former personnel; policies, procedures or training materials of Defendants; or Defendants' organizational structure; training programs, hiring criteria, employee handbooks, ethics and security protocols;

h) any documents relating to the medical or health information of any of Defendant's current or former employees or contractors;

i) any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and

j) Any portion or all of Plaintiff's medical, tax, employment and/or other records produced by Plaintiff or subpoenaed from third-parties.

4. In the case of Documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified

as confidential. The parties will use their best efforts to limit the number of Documents designated Confidential.

5. Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and the parties to this litigation, their officers, and professional employees;

(e) The Court, including all Court employees, subject to the restrictions of filing under seal; any mediator agreed to by the Parties to mediate the action, including support personnel so long as such mediator has executed, prior to disclosure of any protected material, the Acknowledgement at Exhibit A;

(f) Members of the jury, subject to any restrictions imposed by the Court;

(g) Any other person agreed to by the Parties in writing; and

(h) Any other person with the permission of the Court.

7. Each counsel shall be responsible for providing notice of the Confidentiality Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Confidentiality Order. Persons to whom Confidential Information is shown shall be informed of the terms of the Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their

deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

8. Neither the designation or failure to designate Discovery Material as Confidential Information at the time of production or otherwise, nor a Party's failure to challenge Discovery Material as Confidential Information at the time of production or otherwise, shall be determinative of that material's status as Confidential Information pursuant to the terms of this Agreement.

9. A Party may challenge the appropriateness of a confidentiality designation at any time in the course of this Action, regardless of when the Party first received notice of the designation. If such a dispute arises, the Receiving Party must serve written notice of the challenge on the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge.

10. The Producing Party has seven (7) calendar days to respond in writing. The parties must attempt to further resolve any such dispute in accordance with Local Rule 7.1 before filing any motion with the Court. Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such. The burden of proof shall be on the Designating Party claiming Protected Material status for the Discovery Material.

11. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Confidentiality Order.

12. Whenever a party wishes to file any writing designated as Confidential with the Court, the party may either (a) redact any and all information contained on any page that is marked

Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court. If a party wishes to file a document that has been marked Confidential with the Court, the party will follow all rules and practices followed by the Court regarding filing a document under seal, including filing a motion establishing good cause for the document to be preserved under seal if necessary, prior to so filing.

13. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to the Order.

14. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

15. Pursuant to FRE 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a)    The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, namely the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

    (b)    The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any

        third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

   (c)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or work product protected information before such information is produced to another party.

   (d)    By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

16. Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) calendar days' advance notice to counsel for the party or other person that designated the information as Confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

17. If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of the order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

18. Nothing in the Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

19. Nothing in the Order shall abridge the parties' rights under Federal Rule of Civil Procedure 26.

20. Nothing in the Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of the Order.

21. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**Dated**: May 7, 2021

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

*/s/ Jonathan A. Beckerman*
Jonathan A. Beckerman (FBN: 568252)
Jonathan.Beckerman@lewisbrisbois.com
Andrea de Ona (FBN: 1019568)
Andrea.deona@lewisbrisbois.com

*Counsel for Defendant*
*Nusret Miami, LLC*

Respectfully Submitted,

**Law Office of Lowell J. Kuvin**
17 East Flagler St. Suite 223
Miami Florida 33131
Telephone: 305.358.6800
Fax: 305.358.6808

*/s/ Sunny Mullick*
Lowell J. Kuvin, Esq. (FBN: 53072)
lowell@kuvinlaw.com
Sundeep K. Mullick, Esq. (FBN:18175)
Sunny@kuvinlaw.com

*Counsel for Plaintiff*
*Melissa Compere*

**SO ORDERED.**

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE